HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL K. WEST,

        Plaintiff,

   v.

CAVALRY PORTFOLIO SERVICES, LLC,

        Defendant.

CASE NO. C13-244 RAJ

ORDER

This matter comes before the court on motions for protective order filed by plaintiff Michael West (Dkt. # 12) and defendant Cavalry Portfolio Services, LLC (Dkt. # 15).

The court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any discovery request that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The court, however, must limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or where its "burden or expense . . . outweighs its likely benefit, considering

the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues." Fed. R. Civ. Proc. 26(b)(2)(C)(i) & (iii).  A party may move the court for a protective order from "annoyance, embarrassment, oppression or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [and] prescribing a discovery method other than one selected by the party seeking discovery."  Fed. R. Civ. Proc. 26(c)(1)(A) & (C).  "The court may, 'for good cause,' issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. Proc. 26(c)(1).

**A. Plaintiff's Motion**

Plaintiff seeks a protective order as to the location and manner of his deposition. "He does not want to take the time off from his new employment to travel to Seattle for a deposition."  Dkt. # 12 (Mot.) at 2.  Unfortunately for plaintiff, simply not wanting to take time off from employment does not establish the requisite good cause required for the court to enter a protective order.  Nor has plaintiff demonstrated good cause by way of his declaration in which he generally states that "traveling to Western Washington would take me away from my new job.  The deposition with travel could take up to three days and two overnight stays in Seattle." Dkt. # 14 & 25 (West Decl.) ¶ 4.  Plaintiff has not provided the court with any details regarding whether travelling to Seattle from Couer d'Alene, Idaho would constitute an undue hardship.  Nor has plaintiff provided the court with binding precedent for the proposition that a deposition should occur at some place other than opposing counsel's office, and the court is not persuaded by the 1938 and 1940 district court cases from New York.  Nor can plaintiff require defendants to take his deposition by video.  Plaintiff chose to file suit in the Western District of Washington, and with that filing comes some amount of inconvenience and expense.  Since plaintiff has not provided the court with sufficient information regarding his schedule, days off,

costs that may be incurred, or any other information, the court finds that plaintiff has failed to demonstrate good cause.

**B.  Defendant's Motion**

Defendant seeks a protective order to prohibit plaintiff from taking the deposition of Penny Shemtob, defendant's in-house litigation counsel.  This District has applied *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) in the context of determining when attorney depositions should be allowed.  *Rygg v. Hulbert*, Case No. 11-1827JLR, 2013 WL 264762 (W.D. Wash. Jan. 23, 2013).  To depose an opposing party's attorney, a party must show that the information sought from the attorneys (1) cannot be obtained through other means, (2) is relevant and not covered by privilege or the work-product doctrine, and (3) is necessary in preparing their case.  *Id.* at *1 (citing *Shelton*, 805 F.2d at 1327-28).

Plaintiff has not even attempted to meet this standard.  *See* Dkt. # 20.  Even if plaintiff's counsel did not know that Ms. Shemtob was counsel until after the Notice of Deposition was served (Dkt. # 20 ¶ 7), plaintiff has not provided any legal or factual basis for pressing forward with the deposition and forcing defendant to file a motion for protective order.  Plaintiff should have withdrawn the notice of deposition to avoid wasting the court's time.

Defendant has requested attorney's fees and costs pursuant to Rule 37(a)(5).  Dkt. # 15 (Mot.) at 6-7.  Plaintiff has not responded to defendant's request for attorney's fees and costs.  The court finds that since plaintiff has not provided the court with any legal or factual basis for pursuing the deposition of Ms. Shemtob, plaintiff's position was frivolous.  The court also finds that plaintiff's counsel, James Sturdevant, should be responsible for the costs and fees incurred by defendant since he, and not plaintiff, is responsible for providing the court with valid legal authority.  However, defendant has not submitted its time-sheets to allow the court to assess whether the fees and costs

incurred are reasonable. Accordingly, the court ORDERS the parties to meet and confer regarding the reasonableness of the fees and costs incurred by December 17, 2013. If the parties agree with respect to the reasonableness of the fees and costs incurred, they shall file a stipulated motion with supporting documentation to the court no later than December 20, 2013. If the parties cannot agree with respect to the reasonableness of the fees and costs incurred, defendant may file a motion for attorney's fees with supporting documentation, no later than December 20, 2013. The court warns that if the court finds that either party's position was unreasonable or frivolous during the meet and confer process, it will award the fees and costs associated with the additional motion as well as sanctions for presenting unnecessary motions or unwarranted oppositions pursuant to Local Civil Rule 11(c).

## C. Conclusion

For all the foregoing reasons, the court GRANTS defendant's motion for protective order and DENIES plaintiff's motion for a protective order. The parties are to work together to find a mutually agreeable date for plaintiff's deposition no later than December 31, 2013. Since dispositive motions are currently due on December 17, 2013, and defendant should have the benefit of plaintiff's deposition prior to any motions are filed, the court finds good cause to extend the remaining deadlines on the case schedule. The court STRIKES the trial date, and orders the clerk to enter an amended case schedule with the remaining deadlines. Dispositive motions shall be filed no later than January 24, 2014, and trial shall be set for June 3, 2014.

Finally, the court notes that that it has an incredibly heavy motions calendar and trial schedule. The court does not have time to waste on motions that should be resolved without court intervention. If the parties present unnecessary motions or unwarranted oppositions in future filings, the court will not hesitate to sanction the parties and/or counsel pursuant to Local Civil Rule 11(c).

1   Dated this 13th day of December, 2013.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 5