UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL K. WEST, | CASE NO. C13-244 RAJ |
| Plaintiff, | ORDER |
| v. | |
| CAVALRY PORTFOLIO SERVICES, LLC, | |
| Defendant. | |

This matter comes before the court on defendant Cavalry Portfolio Services LLC's motion for summary judgment. Dkt. #47. Plaintiff Michael West only provides two paragraphs of substantive opposition and the balance of his opposition is devoted to "evidentiary issues." Dkt. # 52. The material facts are not in dispute, neither party has requested oral argument, and the court may determine the motion on the papers submitted.

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

ORDER- 1

Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325.  If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

**A.  Evidentiary Issues**

In resolving a motion for summary judgment, the court may only consider admissible evidence. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).  However, at the summary judgment stage, a court focuses on the admissibility of the evidence's content, not on the admissibility of the evidence's form. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

Plaintiff makes a number of evidentiary objections.  Plaintiff argues that the court should exclude the declaration of Terry Rivera because she was not disclosed in defendant's initial disclosures.  Dkt. # 52 at 2 (citing Fed. R. Evid. 37(c)(1)).  Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. Proc. 37(c)(1).  Rule 26(a) requires parties to identify by name and, if known, contact information, of each individual likely to have discoverable information, in their initial disclosures.  Fed. R. Civ. Proc.

26(a)(1)(A)(i). Defendant's initial disclosures did not identify Ms. Rivera by name, but it did disclose "Representatives of Cavalry Portfolio Services, LLC." Ms. Rivera is "a litigation paralegal with Cavalry Portfolio Services, LLC." Dkt. # 51 at 10 (Ex. B to Sturdevant Decl.); Dkt. # 48 (Rivera Decl.) ¶ 1. Plaintiff has not identified any prejudice he suffered in defendant's failure to identify Ms. Rivera by name. Accordingly, the court finds that the failure was harmless, and declines to impose the requested discovery sanction of excluding her declaration.

Plaintiff also moves to preclude the use of an unaccepted offer of judgment as evidence except in a proceeding to determine costs pursuant to Rule 68(b). Dkt. # 52 at 2. Rule 68(b) provides that evidence of an unaccepted offer of judgment is not admissible except in a proceeding to determine costs. Fed. R. Civ. Proc. 68(b). Since this is not a proceeding to determine costs, the unaccepted offer of judgment is inadmissible, and the court has not considered it.

Plaintiff also makes a number of general objections to the declaration of Michelle Morrow, including objections based on Federal Rules of Evidence 106, 401, 402, 602, 803(6), 901, 1001, and legal conclusions. The court overrules all of these objections, except as otherwise indicated. Rule 106 applies when one party introduces part of writing or recorded statement, and permits an opposing party to introduce any other part of the writing or recorded statement that in fairness ought to be considered at the same time. To the extent that plaintiff has provided parts of documents not provided by defendant, the court has considered them. Plaintiff argues that statements in paragraph 10 of Ms. Morrow's declaration are irrelevant and should be excluded. However, those statements are relevant to defendant's bona fide defense, as discussed below. Plaintiff's objections as to personal knowledge, authentication, and business records apply to plaintiff's "assumption" that the records described are computer records. Dkt. # 52 at 3. Ms. Morrow has provided proper authentication and demonstrated that she has personal knowledge of the documents identified and attached to her declaration as a paralegal that

worked on the Idaho action. However, she has also attempted to interpret and summarize the contents of various documents, which is not admissible. Fed. R. Evid. 602, 701, 1002. The court has disregarded Ms. Morrow's summaries, and has reviewed and relied on the actual documents provided. Dkt. # 49 (Morrow Decl.) ¶¶ 7-8. Finally, plaintiff complains that paragraph 6 contains a legal conclusion, without identifying the statement that he believes to be a legal conclusion. The court has reviewed paragraph 6, and has not found a legal conclusion.

With respect to Ms. Rivera's declaration, plaintiff makes the same objections "in regards to record" and authentication, and the court overrules these objections for the same reasons. Plaintiff also objects to the testimony regarding "scrubbing" for lack of foundation. The court agrees that Ms. Rivera, as a paralegal, has not provided sufficient foundation to testify regarding a computer software program and how the software functions. Accordingly, the court has disregarded Ms. Rivera's testimony regarding "scrubbing."

Plaintiff also argues that defendant should not be permitted to argue the bona fide defense under 15 U.S.C. § 1692k(c) because it did not plead this defense in its answer. Dkt. # 52 at 5. Plaintiff is mistaken. Defendant's third affirmative defense pleads that "[p]ursuant to 15 U.S.C. § 1692k(c), Cavalry has no liability for any alleged violation of the FDCPA." Dkt. # 8 at 6; # 51 at 46.

Plaintiff complains that defendant only provided the August 24, 2010 credit reports, and did not provide subsequent credit reports. Dkt. # 52 at 5-6. Plaintiff makes no request and cites no evidentiary rule for disregarding the August 24, 2010 credit report. Additionally, this issue and the remaining "evidentiary issues" do not appear to be evidentiary issues or objections, and the court has addressed those arguments below.

ORDER- 4

**B. Federal Debt Credit and Practices Act ("FDCPA")**

The FDCPA prohibits debt collectors from engaging in various abusive and unfair practices. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 947-48 (9th Cir. 2011). "The statute was enacted to eliminate abusive debt collection practices; to ensure that debt collectors who abstain from such practices are not competitively disadvantaged; and to promote consistent state action to protect consumers." *Id.* at 948. The FDCPA is a strict liability statute, except from liability for debt collectors who satisfy the narrow bona fide error defense. *Id.* Additionally, violation of the FDCPA venue provision may support civil liability. *See* 15 U.S.C. § 1692k(a) ("any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . ."). The venue provision requires that a debt collector's legal action on a debt against a consumer be brought only in the judicial district or similar legal entity in which the consumer signed the contract sued upon or in which the "consumer resides at the commencement of the action." *Id.* § 1692i(a)(2). Thus, the relevant time frame for the venue provision is the date the legal action on the debt is commenced or filed.

Plaintiff's FDCPA claim is entirely dependent on FDCPA's venue provision because plaintiff has not presented any evidence of another alleged violation.

In 2007, Cavalry purchased debt owed by plaintiff, and in 2008, Cavalry obtained judgment against West in a Montana action. Dkt. # 48 (Rivera Decl.) ¶¶ 3, 5. Although Cavalry's Montana counsel issued and served writs of garnishment in 2009 and 2010, the judgment was not satisfied. *Id.* ¶ 6. In August 2010, Montana counsel advised Cavalry that West no longer resided in Montana and that he had apparently moved to 8561 N. Dogwood Lane, Hayden, Idaho. *Id.* ¶ 7. In accordance with its usual procedure when notified that a debtor has relocated, Cavalry obtained West's Trans Union and Experian credit reports, one of which listed the Idaho address provided by Montana counsel. *Id.* Upon receiving this verification, Cavalry contacted Idaho counsel to domesticate the

Montana judgment in Idaho in Kootenai County, which is the judicial district of the Idaho address. *Id.* ¶ 8. Cavalry initiated the Idaho action on October 25, 2010. *Id.*; Dkt. # 50 (Willey Decl.), Ex. E (Idaho docket). During his deposition, plaintiff testified that he moved from the Idaho address to Bellingham in October 2010, but could not identify the specific date. Dkt. # 50-2 at 66 (Ex. K to Willey Decl., West Depo. At 32:4-9). Thus, plaintiff has failed to demonstrate a genuine issue of material fact that he did not reside in Kootenai County, Idaho at the time the Idaho action was commenced on October 25, 2010.[1] Additionally, reviewing the docket of the Idaho action demonstrates that the 2012 writs of garnishment that were issued by Cavalry were issued in the same case that commenced on October 25, 2010.

The court finds that plaintiff has failed to demonstrate a genuine issue of material fact that Cavalry violated the venue provision of the FDCPA. Plaintiff has not provided any evidence of any other violation of the FDCPA. The court notes that Cavalry has also provided undisputed evidence that it would be entitled to the bona fide exception under 15 U.S.C. 1692k(c). "[T]o qualify for the bona fide error defense, the defendant must prove that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation." *McCollough*, 637 F.3d at 948. The undisputed evidence demonstrates that Cavalry took steps to engage Idaho counsel to domesticate the Montana judgment in Idaho after it learned that West had moved to Idaho, and that Cavalry undertook reasonable steps to independently verify West's address in Idaho before filing suit in October 2010 by relying on a credit report and the United States Postal Service, which

---

[1] Subsequently acquired credit reports are thus irrelevant to the issue of whether plaintiff resided in Idaho on October 25, 2010 when the legal action commenced.

ORDER- 6

did not return any documents mailed to the Idaho address. Dkt. # 48 (Rivera Decl.) ¶¶ 7-8, 10,[2] Ex. B; # 49 (Morrow Decl.) ¶¶ 2-3, Ex. A; # 50 (Willey Decl.), Exs. A, C-E.

Accordingly, the court GRANTS Cavalry's motion for summary judgment as to the FDCPA claim.

## C. Washington Consumer Protection Act ("CPA")

Plaintiff's only argument with respect to the CPA is that a violation of the FDCPA is a violation of the Washington Collection Agency Act, which is a violation of the CPA. Dkt. # 52 at 6. However, plaintiff has failed to demonstrate a genuine issue of material fact with respect to an FDCPA violation. Nor has plaintiff presented any evidence or argument regarding a separate CPA violation.

Accordingly, summary judgment is also appropriate on plaintiff's CPA claim. Plaintiff's final argument regarding emotional distress damages is therefore MOOT, although the court notes that plaintiff has not presented any evidence of emotional distress damages.

## D. Conclusion

For all the foregoing reasons, the court GRANTS defendant's motion for summary judgment. The clerk is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 30th day of April, 2014.

_Richard A. Jones_

The Honorable Richard A. Jones
United States District Judge

---

[2] The court has disregarded Ms. Rivera's legal conclusion that "Cavalry did not intend to violate the FDCPA." Nevertheless, Cavalry lack of intent to violate the FDCPA's venue provision can be reasonably inferred from the steps it took to verify West's Idaho address before filing suit in Idaho.